UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Tam Tran Minh,

        Petitioner,

vs.

R.L. Morrison, Warden,

        Respondent.        Civ. No. 06-635 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2241, which alleges that the Federal Bureau of Prisons ("BOP") has wrongly denied the Petitioner's request to be transferred to a Community Corrections Center ("CCC"), pursuant to Title 18 U.S.C. § 3621. The Petitioner has appeared pro se, and the Respondent has appeared by Chris S. Wilton, Assistant United States Attorney.

For reasons which follow, and given our Court of Appeals intervening ruling in <u>Fults v. Sanders</u>, --- F.3d ---, 2006 WL 870745 (8th Cir., April 6, 2006), we recommend that the Petition for a Writ of Habeas Corpus be granted.

## II.  <u>Factual and Procedural Background</u>

The Petitioner is currently incarcerated at the Federal Prison Camp, in Duluth, Minnesota ("FPC-Duluth").  See, <u>Declaration of Angela Buege ("Buege Decl.")</u>, at ¶3. On February 15, 2005, the Petitioner was sentenced by the United States District Court for the District of Minnesota to a twenty-one (24) month sentence, with three (3) years supervised release, for Conspiracy to Distribute a Mixture or Substance Containing a Detectable Amount of 3,4-Methylenedioxymethamphetamine ("MDMA"), or "Ecstacy," in violation of Title 21 U.S.C. §§841(A)(1), (B)(1)(C), and 846.  See, <u>Buege Decl.</u>, Att. A.  The Petitioner's projected release date is December 12, 2006, via good conduct time release.  <u>Buege Decl.</u>, at ¶4.

The Petitioner has been informed that his CCC placement date would be established pursuant to the policies adopted by the BOP.  See, <u>Buege Decl.</u>, at ¶¶4-5. According to those policies, the earliest date that the Petitioner could be placed in a CCC is on October 19, 2006.  <u>Buege Decl.</u>, at ¶4.

The Respondent argues that the Petitioner, pursuant to the policies and rules established by the BOP, is not eligible for release to a CCC, or to home confinement, until the last ten percent (10%) of his sentence is remaining -- namely, not until October 19, 2006.  See, Response of the United States to Petitioner's Petition for Writ of Habeas Corpus, Docket No. 5, at 3-4.  However, the Petitioner challenges the validity of those BOP policies and rules, and contends that he requires at least six (6) months of CCC placement, and accordingly, seeks immediate placement in a CCC. See, Petitioner's Traverse, Docket No. 8, at 3-4.

III. Discussion

The issues presented have been fully explored by several District Court decisions, in this District, which have upheld requests for Habeas relief on the grounds that have been urged by the Petitioner, and our Court of Appeals has reached a similar result. See, Fults v. Sanders, supra; Donets v. Walton, 2006 WL 980818 (D. Minn. April 11, 2006)(Kyle, J.); Flagg v. Warden of Federal Medical Center-Rochester, 2006 WL 763201 (D. Minn., March 24, 2006)(Magnuson, J.); Ikner v. Walton, 2006 WL 562150 (D. Minn., March 7, 2006)(Ericksen, J.); Young v. Caraway, 2006 WL 562143 (D. Minn., March 7, 2006)(Ericksen, J.); Ragsdale v. Caraway, 2006 WL 44017 (D. Minn., January 6, 2006)(Davis, J.); Threlkeld v. Morrison, Civ. No. 05-2604 (PAM/AJB)(Magnuson, J.); Hayek v. Caraway, 2005 WL 3334600 (D. Minn., December 7, 2005)(Magnuson, J.); see also, Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3rd Cir. 2005); cf., Knish v. Stine, 347 F. Supp.2d 682 (D. Minn. 2004)(reasoning the same, but as to a prior BOP Regulation)(Davis, J.). We join in the views expressed by those Courts, and previously expressed in our prior Reports and Recommendations, see, e.g., Donets v. Walton, supra at *1, and limit our analysis to the procedural issues which either were not resolved in the Fults decision, or which require some limited exposition.

A.  <u>Exhaustion of Administrative Remedies</u>.  As of the date on which the Petitioner filed his Petition for Habeas relief, he had not fully exhausted, let alone sought, any of his administrative remedies as to the issues raised in his Petition.  However, under similar circumstances, other Courts have concluded that exhaustion is futile and not a bar to Habeas review.  See, <u>Ragsdale v. Caraway</u>, supra at *3, citing <u>United States v. Paige</u>, 369 F. Supp.2d 1257 (D. Mont. 2005), <u>Vargas-Crispin v. Zenk</u>, 376 F. Supp. 2d 301, 303 (E.D.N.Y. 2005); see also, <u>Elwood v. Jeter</u>, 386 F.3d 842, 845 n.1 (8th Cir. 2004)(noting that the Government had waived the exhaustion requirement because it conceded that continued use of the grievance procedure to contest the validity of the BOP's policy would be futile).  Accordingly, the Petitioner's failure to exhaust his administrative remedies is excused.

B.  <u>Availability of Relief Under Title 28 U.S.C. §2241</u>.  Federal Habeas provides a remedy only for prisoners challenging the fact or duration of their custody, rather than the conditions of their confinement.  See, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1073 (8th Cir. 1996)("If the prisoner is not challenging the validity of his conviction or the length of his detention * * * then a writ of habeas corpus is not the proper remedy."); see also, <u>Otey v. Hopkins</u>, 5 F.3d 1125, 1130 (8th Cir. 1993)("The central focus of the writ of habeas corpus is to provide a remedy for prisoners who

are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release."), cert. denied, 512 U.S. 1246 (1994); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement * * *[;] [a] civil rights action, in contrast, is the proper method of challenging 'conditions of * * * confinement.'")[internal citation omitted]. Here, the Petitioner challenges not the conditions of his confinement, but instead, the underlying policies that determine where that confinement will take place. As a consequence, the Respondent argues that a Habeas Petition, pursuant to Section 2241, is an inappropriate vehicle for pursuing the Petitioner's claims.

We note, however, that our Court of Appeals has entertained similar challenges to CCC placement, which were advanced under Section 2241, in Elwood v. Jeter, supra at 845, and in Fults. Accordingly, following our Court of Appeals lead in both of those decisions, we are persuaded that the Petitioner has chosen an appropriate means to raise his challenge in this Court. See also, Woodall v. Federal Bureau of Prisons, supra at 243 (thoroughly addressing the question, and finding Section 2241 to be an appropriate vehicle for a challenge to a CCC placement, and noting its agreement with the Second, Sixth, Ninth, and Tenth Circuits).

C. <u>The Substance of the Petitioner's Challenge</u>. In <u>Fults</u>, our Court of Appeals addressed the substance of the Petitioner's Habeas Petition, as well as the same arguments that have here been raised by the Respondent, and granted the same Habeas relief that the Petitioner here requests. Since the <u>Fults</u> decision is binding on this Court as to those issues, no purpose would be served by independently addressing why we previously reached the same result as was reached in <u>Fults</u>.

We must address, however, the Petitioner's request that he be immediately released to a CCC placement, which is not the recommendation we make, for the BOP is uniquely qualified to make such decisions in the first instance. Cf., <u>Hosna v. Groose</u>, 80 F.3d 298, 303 (8th Cir. 1996), cert. denied, 519 U.S. 860 (1996)("[F]ederal courts ought to afford appropriate deference and flexibility to [prison] officials trying to manage a volatile [prison] environment," and "such flexibility is especially warranted in the fine tuning of the ordinary incidents of prison life," in order that the Courts do not "micro manage" prisons.), quoting <u>Sandin v. Conner</u>, 515 U.S. 472, 482-83 (1995). Rather, we recommend that the Respondent should be ordered to make a good-faith determination as to whether, or when, the Petitioner be placed in a CCC given the factors enumerated in Section 3621(b), and without any reference to the

policies memorialized in the 2005BOP Rule.[1]  See, <u>Woodall v. Federal Bureau of Prisons</u>, supra at 251 ("[T]hat the BOP may assign a prisoner to a CCC does not mean that it must.").

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Petition for a Writ of Habeas Corpus, pursuant to Title 28 U.S.C. §2241 [Docket No. 1] be granted.

2.   That the Respondent be directed to reconsider the date when Petitioner should be assigned to a CCC, in light of the criteria set forth in Title 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and .21.

Dated: April 20, 2006                    s/Raymond L. Erickson

                                                          Raymond L. Erickson
                                                          CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

---

[1] As we recommend the grant of the Habeas Petition, we need not reach the other issues that the Petitioner has raised.

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 5, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases for those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of the Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 5, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.